## KAUFMANN *v.* BURTON.

1. STATUTE OF FRAUDS — CONTRACT — OFFER AND ACCEPTANCE —
   CONTRACT FOR SALE OF LAND.

   Where a landowner addresses a written proposition to another
   person stating the terms upon which he will convey certain
   lands to the addressee or his assigns, the receipt and reten-
   tion by him of the acceptance of the proposition by a third
   person, to whom the addressee has not assigned it, does not
   constitute a contract to convey, since the acceptance by the
   stranger amounts at most to a counter proposition, which
   the landowner may accept or reject.

2. SAME.

   A letter to the attorney of the third person, in which the land-
   owner states, that the title to certain lands, which under his
   proposition he is to receive, is defective, but that he does not
   refuse to perform under the contract, but will insist on full
   performance of all conditions precedent to performance on
   his part, does not constitute an acceptance of the stranger's
   counter proposition, but is a mere statement that the original
   proposition is still open.

Error to Wayne; Hosmer, J. Submitted February 13,
1906. (Docket No. 145.) Decided July 3, 1906.

Assumpsit by Minnie Kaufmann against Charles F.
Burton for breach of a contract to convey certain real es-
tate. There was a judgment for defendant on a verdict
directed by the court, and plaintiff brings error. Af-
firmed.

*Frederic T. Harward*, for appellant.

*E. A. Fink*, for appellee.

McALVAY, J. Plaintiff sued defendant in assumpsit
to recover damages for the nonperformance of a certain
written agreement, whereby it is claimed defendant agreed
to sell and convey, and plaintiff to purchase from him cer-

tain land situated in Barry county in exchange for lands to be sold and conveyed to him by her. Defendant pleaded the general issue, and denied under oath the execution of any contract with plaintiff. Upon a trial had in the Wayne circuit court before a jury plaintiff recovered a verdict. This was set aside on a motion by defendant for a new trial, on the ground that the evidence did not show that there was a written contract between the parties relative to the sale and exchange of real estate. Afterwards, by stipulation between the parties, the evidence taken on the former trial was considered as introduced, and the court instructed a verdict for defendant. Upon such action and instructions on the part of the court errors are assigned.

The question to be considered is whether the written proposition of defendant to McBride, the indorsement on it signed by plaintiff, and the letter of defendant, constitute a written agreement between the parties to this suit relative to a sale and exchange of real estate. It is immaterial, and therefore unnecessary to state the circumstances surrounding this transaction, for the reason that the case must be disposed of upon a construction of the writings.

The following is the proposition in writing made by defendant upon which plaintiff's acceptance appears:

"DETROIT, MICHIGAN, Nov. 28, 1903.
"LOUIS C. McBRIDE, Esq.,
          "Detroit, Michigan.
"*Dear Sir:* I will give you or your assigns a warranty deed of my farm, located in Hastings township, Barry county, Michigan, and described as the northwest one-quarter ($\frac{1}{4}$) section 26 (twenty-six), town three (3), range eight (8) west except one acre on the northwest corner, which the school district has the right to use so long as it is occupied for school purposes, for a warranty deed of the two-story double frame house located on the southwest corner of Hubbard and Brandon avenues, Detroit, Michigan, and the two-story double frame house situated immediately on the rear, all being better known and described as lot one (1) Martin's subdivision of lots thirty-

eight (38) and thirty-nine (39) of Scotten's subdivision of Hubbard's subdivision of private claim No. 77, situated on the southwest corner of Hubbard and Brandon avenues, Detroit, Michigan.   Said last-mentioned property to be deeded to me subject to mortgages of thirty-seven hundred ($3,700) now on said property, same being payable on or before two years from their date, and bearing interest at the rate of six per cent. (6%) per annum, payable semi-annually.

"I further agree to place a mortgage for you or your assigns on my above-described property for the sum of twenty-five hundred dollars ($2,500), payable on or before three years from its date, bearing interest at the rate of six per cent. (6%)per annum, payable semi-annually from its date.   In case there is any commission to pay for said loan of twenty-five hundred dollars ($2,500) you or your assigns are to pay an amount up to fifty dollars ($50) for procuring same.

"I further agree to take a second mortgage on my above-described farm for the sum of seven hundred dollars ($700), for you or your assigns, payable on or before one year from its date and bearing interest at the rate of six per cent. (6%) per annum, payable semi-annually.

"In addition to the warranty deed above mentioned to be given to me, I am to receive one thousand dollars ($1,000) in cash and the above mentioned seven hundred dollars ($700) mortgage.

"Each to furnish a satisfactory abstract brought down and certified to date and showing good marketable title and property free and clear of and from all liens, taxes and incumbrances, excepting the above-mentioned mortgages of thirty-seven hundred dollars ($3,700) on the property located on the southwest corner of Hubbard and Brandon avenues, it being agreed and understood that I shall have the privilege of removing twenty-one oak trees (21) from said farm.

"CHARLES F. BURTON."

"I hereby accept the above proposition and agree to carry out my part of the same.

"M. KAUFMANN."

The material facts relative to the crucial question are practically undisputed.   This written proposition to sell on the part of defendant was made in duplicate to McBride and his assigns.   It was not accepted or assigned

by him. Both duplicates were delivered to McBride. When one of them was returned to defendant an acceptance under the signature of defendant was signed by plaintiff. It is disputed whether prior to this time defendant had any knowledge that McBride claimed to be acting for a third person.

Plaintiff contends that because defendant received this paper with plaintiff's acceptance written thereon without objection, he accepted her as a party to the agreement; and also that his letter to plaintiff's attorney constitutes a written acceptance. The following is the letter referred to:

"Detroit, Mich., Dec. 30, 1903.
"Mr. Lemuel H. Foster,
        "507 Hammond Bldg.,
                "Detroit, Mich.

"*Dear Sir:* In reference to the agreement of which you wrote me on the 28th inst.

"As I wrote you yesterday, I have not met Mr. Kaufman, and do not know what relation he has to the property mentioned in the paper. There was brought to me in the course of negotiations an abstract of the property beginning with Mr. Daniel Scotten and closing with Mr. Peoples, such an abstract does not show any title, because there is nothing to indicate where Mr. Scotten obtained title.

"On the partial abstract which was presented, there was apparently an outstanding dower interest in Mrs. Peter Lane, I think, anyhow, the wife of the first grantee from Mr. Scotten.

"The partial abstract that was brought me shows that there is on the property or was on the property one mortgage for $1,800 and one mortgage for $100. The mortgage for $1,800 runs five years, whereas the contract provided for a mortgage to run to be payable on or before two years. I am informed that there are other mortgages on the property not shown by the abstract, that differ both in time of payment and in amount of payment and in terms of interest from that specified in the contract. The full contents of these mortgages I am not informed of, nor did I give the abstract that careful and thorough investigation and study which I should desire to give to a full and complete abstract before accepting the title.

" I will frankly say that the contract was not prepared by me nor under my instructions, it was brought to me in the condition in which it is (I think one change was made after it was first presented), and its full force and effect was not carefully considered at the time it was signed.    I think that probably both the signing parties affixed their signatures without a full and careful consideration of the full scope and bearing of the writing.

" I have not and shall not refuse to perform under the contract, but because of the facts I have stated above, I shall insist upon the full and complete performance of all conditions precedent to such performance on my part, and my present opinion is that the conditions precedent to my action cannot be complied with, at least I do not see how they can.

" Very respectfully,<br>" C. F. BURTON."

We do not think that receiving this paper signed by plaintiff amounted to a substitution of her for McBride. The writing was made by defendant with a party of his selection.    It was enforceable by McBride or his assigns, if properly accepted in writing.. The indorsement was by a stranger to the agreement, and must be considered in the nature of a counter proposition.    The claim of McBride that defendant knew he was acting as agent for a person named Kaufmann, even if true, can make no difference.    It is fundamental that an agreement relative to the sale or exchange of real estate must be in writing signed by the party to be charged or some person lawfully authorized.    The mere receipt of plaintiff's counter proposition by defendant, and not signed by him, does not create a contract between the parties to this suit.

After an examination of the letter from defendant to plaintiff's attorney, which is relied upon as an acceptance in writing of plaintiff's counter proposition we agree with the court below, that " it was not an agreement to enter into contract relations " with plaintiff, and that the effect of the language " is a statement on the part of Mr. Burton that the offer to McBride is still open," and that the evidence did not show a written contract between the par-

ties, relative to an exchange of properties. It is not necessary to consider other questions raised.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.